**Reynaldo Precilla CARADANG, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–72910.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 26, 2010.

Jeremiah Johnson, Reeves & Associates, APLC, San Francisco, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Oil, Katharine Clark, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

Reynaldo Precilla Caradang, a native and citizen of the Philippines, petitions for review the Board of Immigration Appeals' ("BIA") order denying his appeal from an immigration judge's ("IJ") removal order and denying his motion to remand alleging ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand and de novo questions of law. *Lin v. Ashcroft,* 377 F.3d 1014, 1023–24 (9th Cir.2004). We deny in part and dismiss in part the petition for review.

The IJ properly determined that Caradang was removable pursuant to 8 U.S.C. § 1227(a)(1)(A), as an inadmissible alien based on willful misrepresentation of a material fact pursuant to 8 U.S.C. § 1182(a)(6)(C)(i).

The BIA did not abuse its discretion in denying the motion to remand because Caradang presented insufficient evidence to establish prejudice. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir. 2003) (to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate prejudice); *see also Forbes v.*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*INS*, 48 F.3d 439, 442 (9th Cir.1995) (knowledge of the falsity of information is sufficient to establish willful misrepresentation of material fact).

We lack jurisdiction to consider the IJ's discretionary denial of Caradang's application for a waiver under 8 U.S.C. § 1227(a)(1)(H). *See San Pedro v. Ashcroft*, 395 F.3d 1156, 1157–58 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.